[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CLARIFICATION/CORRECTION CT Page 2476
Both parties have made motions to correct and/or clarify the court's decision on a prior motion to correct and clarify (memorandum dated December 7, 1993).
The defendant's motion is granted in the following respects.
In determining the amount of the defendant's interest in the marital home, the court did not limit the defendant's contribution to the five years when he was employed. It decided that his contribution lasted for seven years at 60 per cent. This was in error. His contribution of 60 per cent was for five years only from 1985 to 1990 while he was employed.
Thereafter, the testimony was that the mortgage was paid out of the joint checking account. Since the account was joint, the interest of each would be 50 percent. Consequently, the last two years, from 1990 to 1992, would require the court to assume that the defendant paid 50 percent of the payments made in those years. Thus, the total paid of $13,968.31 divided by seven equals $1995.47 representing the total payments on a yearly basis.
For the first five years, 60 percent of those payments equal $5986.40 and for the last two years at 50 percent, the defendants contribution would be $1995.47 for a total of $7981.87. Consequently, the court opens its judgment to amend and correct its prior decisions to reflect the above calculations and the determination that the defendant is entitled to have his interest in the marital home calculated at $7981.87.
In all other respects the memorandums of decision remain as written.
MARGARET C. DRISCOLL STATE TRIAL REFEREE